UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 24, 2017

LETTER TO COUNSEL

      RE:    *Nicole Reinhardt v. Commissioner, Social Security Administration*;
             Civil No. SAG-16-3227

Dear Counsel:

On September 22, 2016, Plaintiff Nicole Reinhardt petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Reinhardt's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Reinhardt filed claims for Disability Insurance Benefits and Supplemental Security Income on December 14, 2011, originally alleging a disability onset date of March 15, 2011.[1] (Tr. 157-69). Her claims were denied initially and on reconsideration. (Tr. 99-103, 107-10). A hearing was held on January 7, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 33-52). Following the hearing, the ALJ determined that Ms. Reinhardt was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-32). The Appeals Council denied Ms. Reinhardt's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Reinhardt suffered from the severe impairments of "multiple sclerosis; anxiety disorder; biliary cirrhosis; [and] obesity." (Tr. 20). Despite these impairments, the ALJ determined that Ms. Reinhardt retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant must avoid unprotected heights, dangerous machinery, and exposure to extreme heat and cold. She is further limited to routine, repetitive tasks. In addition, claimant must avoid fast-paced production standards.

---

[1] Ms. Reinhardt later amended her alleged onset date to November 15, 2011. (Tr. 36).

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Reinhardt could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 26-27).

Ms. Reinhardt raises three arguments on appeal: (1) that the ALJ erroneously assessed her RFC under the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); (2) that the ALJ's explanation of her mental RFC was insufficient; and (3) that the ALJ assigned inadequate weight to the opinion of her treating physician, Dr. Oh. Each of Ms. Reinhardt's arguments lacks merit and is addressed below.

First, Ms. Reinhardt argues that the ALJ's RFC assessment did not adequately account for the finding at step three that she has a moderate limitation in concentration, persistence, and pace, pursuant to the holding in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit determined remand was warranted for several reasons, including a discrepancy between the ALJ's finding at step three concerning the claimant's limitation in concentration, persistence, and pace, and his RFC assessment. 780 F.3d at 638. This case is critically distinguishable from *Mascio* in several respects, so that *Mascio* does not require remand.

To understand why this case is distinguishable from *Mascio,* some background is necessary. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.,* pertain to mental impairments. *Id.* at § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at §§ 404.1520a(c)(4), 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 at § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function." *Id.* at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate

completion of tasks commonly found in work settings." *Id.* at § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The RFC assessment is distinct, but not wholly independent, from the ALJ's application of the special technique at step three. In *Mascio*, the Fourth Circuit voiced its agreement with other circuits "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (joining the Third, Seventh, Eighth, and Eleventh Circuits) (citation and internal quotation marks omitted). The Fourth Circuit explained that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* In so holding, however, the Fourth Circuit noted the possibility that an ALJ could offer an explanation regarding why a claimant's moderate limitation in concentration, persistence, or pace, at step three did not translate into a limitation in the claimant's RFC assessment, such that the apparent discrepancy would not constitute reversible error.

In this case, at step three, the ALJ found that Ms. Reinhardt has "moderate difficulties" in the area of concentration, persistence, or pace. Accordingly, in his RFC assessment, the ALJ included a restriction to address those difficulties, specifically limiting Ms. Reinhardt to work avoiding "fast-paced production standards." (Tr. 22). While a limitation to unskilled work alone is insufficient under *Mascio*, here the ALJ included another limitation that clearly accounts for Ms. Reinhardt's moderate limitations in concentration, persistence, or pace. Accordingly, I find no error warranting remand under *Mascio*.

Ms. Reinhardt's argument regarding the adequacy of the mental RFC is likewise unpersuasive. The ALJ provided a detailed analysis in the opinion of his evaluation of Ms. Reinhardt's mental health issues, including a summary of her own statements about her functional abilities, quotations from the treatment notes from various appointments, and a detailed synopsis of the consultative examination. (Tr. 21, 25). The ALJ ultimately assigned "little weight" to the GAF score of 50. *Id.* While nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record, it is well established that GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue*, Case No. JKS-09-2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010); *Kozel v. Astrue*, No. JKS-10-2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). In light of the substantial evidence cited throughout the opinion, I find no deficiency in the ALJ's function-by-function of Ms. Reinhardt's mental RFC.

Finally, Ms. Reinhardt argues that the ALJ assigned inadequate weight to the opinion of her treating neurologist, Dr. Oh. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See*

*Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 416.927(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."). Here, the ALJ explained that he assigned "little weight" to Dr. Oh's opinion because the functional limitations in that opinion were contradicted by evidence that Ms. Reinhardt "has stable gait, normal posture, and lack of decreased strength." (Tr. 25). It is important to note that the ALJ also assigned only "moderate weight" to the opinions of the non-examining State agency physicians, who suggested that Ms. Reinhardt could perform work at a limited light level of exertion. (Tr. 25). The ALJ instead credited Ms. Reinhardt's obesity and fatigue to find that she would be limited to a more restrictive sedentary level. *Id.* In light of the ALJ's explanation, I find no error in his assessment of Dr. Oh's opinion.

For the reasons set forth herein, Ms. Reinhardt's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge